UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-21824-Civ-COOKE/TURNOFF

NICORA ACOSTA,

    Plaintiff
vs.

ROSS DRESS FOR LESS, INC.,

    Defendant.
_____/

**ORDER GRANTING MOTION TO COMPEL
ARBITRATION AND STAY JUDICIAL PROCEEDINGS**

THIS CASE is before me on Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings. (ECF No. 7). I have reviewed the motion, the record, and the relevant legal authorities. Plaintiff did not respond to the motion, and the time to do so has passed.[1]

Plaintiff, Nicora Acosta, brings this action pursuant to 42 U.S.C. § 1981 and the Florida Civil Rights Act {"FCRA"), Fla. Stat. § 760.10, *et seq.*, alleging Defendant, Ross Dress for Less, Inc. ("Ross"), discriminated and retaliated against her based on race. On February 25, 2008, at the beginning of her employment with Ross, Plaintiff executed an agreement to be bound to Ross's Arbitration Policy. (*See* ECF No. 7-1). The Arbitration Policy provides that all disputes arising out of or relating to the employment relationship, including employment discrimination claims, must be resolved by an arbitrator through final and binding arbitration. (*See id.*) Plaintiff has refused to arbitrate her claims.

The Federal Arbitration Act ("FAA") governs the validity of an arbitration agreement. The FAA reflects a "federal policy favoring arbitration." *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186,

---

[1] Local Rule 7.1(c) requires a responsive memorandum of law and clearly explains that the failure to file a responsive memorandum "may be deemed sufficient cause for granting the motion by default." I have, however, considered the motion on its merits and am not granting the Defendant's motion by default.

1192 (11th Cir. 1995). Court must therefore "rigorously enforce agreements to arbitrate." *Id*. "The party opposing arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration, which is a burden not unlike that of a party seeking summary judgment." *Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307, 1311 (S.D. Fla. 2009) (internal quotation marks omitted).

The written arbitration agreement involves commerce, and thus the FAA applies. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1370 (11th Cir. 2005) (holding FAA applied to agreement to arbitrate employment disputes because the employer's employment practices affect commerce). The claim is subject to arbitration under the FAA because it constitutes a valid agreement,[2] the claim clearly falls within the scope of the arbitration agreement, and Plaintiff's claim is not a statutory claim that is precluded from arbitration. *See, e.g.*, *Wilcox v. Taco Bell of Am., Inc.*, No. 10-cv-2383, 2011 WL 3566687, at *5 (M.D. Fla. Aug. 15, 2011) (finding § 1981 and FCRA claims subject to arbitration); *Kotch v. Clear Channel Broad., Inc.*, No. 03-61951, 2004 WL 483502, at *4 (S.D. Fla. Mar. 8, 2004) (finding FCRA claims subject to arbitration).

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings (ECF No. 7) is **GRANTED**, as follows:

1. If Plaintiff chooses to pursue her claims she submit to binding arbitration in accordance with Ross's Arbitration Policy.

2. This case is **STAYED** pursuant to 9 U.S.C. § 3 pending the completion of arbitration proceedings. This Court retains jurisdiction to enforce the arbitral award, if appropriate.

3. The Clerk is directed to *administratively* **CLOSE** this case.

4. All pending motions, if any, are **DENIED** *as moot*.

---

[2] By failing to respond to this Motion, Plaintiff necessarily fails to carry her burden to show that that agreement is invalid.

**DONE and ORDERED** in chambers at Miami, Florida, this 24th day of July 2012.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*